# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

NASHEEN RASHID BECK,                )
                                    )
                Petitioner, )
                                    )
v.                                  )    No. CIV-08-391-FHS
                                    )
JANE STANDIFIRD,                    )
                                    )
                Respondent. )

## OPINION AND ORDER

Before the court for its consideration is the respondent's Motion to Dismiss for petitioner's failure to exhaust his state court remedies. The court rules as follows on the motion.

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See* Coleman v. Thompson, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). See Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981); Bond v. Oklahoma, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the state's highest court through a direct appeal or a post-conviction proceeding. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

> The exhaustion requirement is satisfied . . . "once [a] federal claim has been fairly presented to the state

1

> courts." Castille v. Peoples, 489 U.S. 346, 351 (1989)
> (quoting Pickard v. Connor, 404 U.S. 270, 275 (1971)).
> . . . "[W]here the claim has been presented for the
> first and only time in a procedural context in which
> its merits will not be considered unless there are
> special and important reasons therefor, [r]aising the
> claim in such a fashion does not, for the relevant
> purpose, constitute fair presentation." Id. at 351.

Parkhurst v. Shillinger, 128 F.3d 1366, 1368-69 (10th Cir. 1997).

After a careful review of the record, the court finds that petitioner has not exhausted his state court remedies as to all of his claims. Specifically, petitioner has failed to exhaust state court remedies as to these claims: ineffective assistance of appellate counsel, insufficient evidence at preliminary hearing to support bind-over order, the jury instructions as to Count III, ineffective assistance of trial counsel, the State of Oklahoma has suppressed exculpatory evidence resulting from an investigation on corruption by the District Attorney's Drug Task Force and the state was collaterally estopped from prosecuting Mr. Beck as to Count III. Petitioner has argued the post-conviction procedures are not valid. However, the court cannot excuse his failure to exhaust state remedies, "unless it is affirmatively shown that resort to them would be useless." Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981) (citing Lewis v. New Mexico, 423 F.2d 1048 (10th Cir. 1970)). Petitioner has failed to make this showing. Accordingly, petitioner's petition is dismissed for failure to exhaust all of his state court remedies.

2

DATED this 30th day of March, 2009.

/s/ Frank H. Seay
Frank H. Seay
United States District Judge